# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| SIERRA CLUB,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGINIA ELECTRIC AND POWER COMPANY d/b/a DOMINION VIRGINIA POWER,<br><br>    Defendant. | Civil Action No. 2:15-cv-112-RAJ-DEM |

**DEFENDANT VIRGINIA ELECTRIC AND
POWER COMPANY'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO STAY PENDING RESOLUTION OF INTERLOCUTORY APPEAL</u>**

Defendant Virginia Electric and Power Company d/b/a/ Dominion Virginia Power ("Dominion") has moved the Court to certify an interlocutory appeal of two questions decided in the Court's November 6, 2015 Memorandum Opinion & Order (the "Order") denying Dominion's motion to dismiss: (1) whether the Clean Water Act ("CWA") regulates groundwater impacts; and (2) whether compliance with state regulation of groundwater impacts pursuant to law governing waste management precludes Plaintiff Sierra Club's CWA claims. In the interest of efficiency and judicial economy, the Court should stay all proceedings in this action until Dominion's motion for 28 U.S.C. § 1292(b) certification is resolved and the resulting appeal to the Fourth Circuit is concluded. In the absence of a stay, the parties and the Court will be required to engage in costly and burdensome discovery, all of which may be unnecessary. For these reasons, a stay of proceedings in this Court is warranted.

## ARGUMENT

Section 1292(b) gives courts broad discretion to stay proceedings while an interlocutory appeal is pending. *See* 28 U.S.C. § 1292(b) (application for interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order"); *see also Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) ("The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment . . . ."). District courts routinely exercise this discretion when certifying an appeal pursuant to Section 1292(b). *See e.g., Morris v. Waste Mgmt. of Va., Inc.*, 71 F. Supp. 2d 537, 544 (E.D. Va. 1999) (certifying question pursuant to 28 U.S.C. § 1292(b) and staying case where "immediate appeal will best serve the interests of judicial economy and avoid unnecessary expense to the parties"); *Puryear v. Cty. of Roanoke*, 71 F. Supp. 2d 551, 554 (W.D. Va. 1999) (certifying ruling for interlocutory appeal and staying further proceedings "until the Fourth Circuit Court of Appeals addresses the issues presented by this case or any other case(s) turning on substantially similar issues"); *see also Grecon Dimter, Inc. v. Horner Flooring Co.*, No. 3:03-cv-101, 2007 U.S. Dist. LEXIS 2362, at *26-27 (W.D.N.C. Jan. 11, 2007) (staying matter pending interlocutory appeal). Indeed, "in the absence of a stay the parties could be required to invest the unnecessary time and resources which, by certifying" an interlocutory appeal a district court seeks to avoid. *Stearns v. NRC Corp.,* No. 98-2381, 2000 U.S. Dist. LEXIS 22643, at *4 (D. Minn. Oct. 11, 2000).

In exercising this discretion, the district court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts often consider four factors in deciding whether to stay an action pending appeal: (1) whether the appealing party is likely to prevail on the merits of the appeal, (2) whether the appealing party

will suffer injury if the stay is denied, (3) whether other parties will be harmed by the stay, and (4) whether the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009). In the current proceeding, all four of such factors favor a stay.

I. **Likelihood of Prevailing.**

Dominion has a significant likelihood of success on the merits of its appeal. As demonstrated in Dominion's brief in support of its motion to certify, there is a split in the circuits as to whether the CWA regulates groundwater impacts, with most courts, including Circuit Courts, adopting Dominion's position. *See* Doc. No. 21 at 10.[1] This split alone (on which the Fourth Circuit has not yet taken a position) poses a serious question going to the merits that is sufficient to satisfy this factor. *See, e.g., W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1029 (W.D. Tenn. 2000) (defendant pointing to circuit courts favoring its position demonstrated "serious questions" to establish likelihood of success factor). The weight of case law in Dominion's favor furthers its likelihood of success.

Similarly, Dominion has demonstrated a substantial basis for difference of opinion and likelihood of success as to whether state regulation of groundwater impacts pursuant to laws governing waste management bars Sierra Club's CWA claims. As demonstrated by the different

---

[1] *See also Village of Oconomowoc Lake v. Dayton Hudson Corp.*, 24 F.3d 962, 965-66 (7th Cir. 1994) (holding CWA does not assert authority over groundwater even when groundwater is hydrologically connected to surface water); *D.E. Rice v. Harken Exploration Co.*, 250 F.3d 264, 269 (5th Cir. 2001) ("The law in this Circuit is clear that groundwaters are not protected waters under the CWA."); *United States v. Johnson*, 437 F.3d 157, 161 n.4 (1st Cir. 2006) ("The CWA does not cover any type of groundwater; the CWA covers only surface water. Nothing in the terms of the CWA or the regulation at issue here interpreting the CWA could be construed as extending jurisdiction to a body of groundwater. Federal regulation of groundwater is covered in other statutes."), *vacated and remanded on other grounds*, 467 F.3d 56 (1st Cir. 2006).

3

legal grounds supporting Dominion's position –Virginia Supreme Court precedent, federal district court cases rejecting CWA citizen suits based on intersecting waste law requirements, the CWA permit shield, *Burford* abstention, and collateral attack – there are a range of opinions on this issue, most with a common conclusion that compliance with the regulatory framework chosen by the regulating agency suffices to resolve CWA citizen suit liability. *See* Docs. No. 5 at 15-16, 20-27 and No. 14 at 3-8, 12-16. Accordingly, Dominion has established a sufficient probability of success on the merits to warrant a stay.

## II. Likelihood of Harm to Dominion and Harm to Others.

Dominion will be harmed if the stay is denied. In the absence of a stay, the parties and the Court will expend considerable time and resources that could be entirely conserved if the Fourth Circuit agrees with Dominion's position on appeal. Among other things, the parties would need to engage in—and the Court oversee—very substantial discovery related to claims that may not be actionable. A stay will thus avoid the expenditure of unnecessary resources and promote judicial economy. *See e.g.*, *Morris*, 71 F. Supp. 2d at 544 (certifying question pursuant to 28 U.S.C. § 1292(b) and staying case where "immediate appeal will best serve the interests of judicial economy and avoid unnecessary expense to the parties"); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (Section 1292(b) stay will "promote economy of time and effort for itself, for counsel, and for litigants") (citation omitted).

Conversely, neither the Sierra Club, nor anyone else, will be harmed if the stay is granted. The groundwater conditions at issue are already being addressed under a comprehensive state regulatory regime. In Virginia, the Department of Environmental Quality ("DEQ") issues permits pursuant to both the CWA and solid waste programs and is vested with authority to enforce violations of these permits. The groundwater conditions beneath the

4

Chesapeake Energy Center ("CEC") are being regulated under the DEQ-issued Industrial Landfill Solid Waste Facility Permit No. 440 (the "Waste Permit") (and the Corrective Action Plan incorporated therein). Not only are these conditions being fully regulated by the DEQ, Dominion is in compliance. *See* Doc. No. 5 at 7-8. As such, the Sierra Club will not be harmed if a stay is entered pending appeal. Rather, DEQ will continue to regulate the groundwater conditions that Sierra Club alleges to be unregulated and thus illegal.

Furthermore, if this Court grants a stay and the Fourth Circuit ultimately rules against the Sierra Club, then the Sierra Club will have been spared the costs of litigation seeking relief that it cannot recover. If the Fourth Circuit rules in the Sierra Club's favor, then, at worst, its action will have been delayed. However, the "mere assertion of delay does not constitute substantial harm" sufficient to bar a stay as some delay is "occasioned by almost all interlocutory appeals." *United States v. Philip Morris*, 314 F.3d 612, 622 (D.C. Cir. 2002). Here, even if the Sierra Club prevails in this Court, Dominion will appeal, and so delay to allow the Fourth Circuit to decide these questions is inevitable.

### III. Public Interest.

The public interest favors a stay. This case centers on critically important issues regarding the scope of the CWA, its applicability to groundwater, and the balance between state and federal regulation regarding the same. As this Court is aware, numerous actions similar to this one have been brought against utilities in district courts throughout the Fourth Circuit. The public interest lies in the efficient and consistent determination of these issues. Once again, there is currently a split within the Fourth Circuit as to whether the CWA regulates groundwater impacts.

The second question – whether compliance with state regulation of groundwater impacts pursuant to laws governing waste management precludes Sierra Club's CWA claims – also presents substantial ground for difference of opinion. It raises compelling questions as to whether generic "boilerplate" trumps facility-specific permit requirements, questions that have wide-reaching implications for permittees in Virginia and beyond. An immediate appeal will help promote efficient resolution of these issues and provide much needed clarity to litigants within this circuit. *Cty. of Roanoke*, 71 F. Supp. 2d at 554 ("In light of this conflict of authority in the Western District of Virginia, I stay further proceedings in this lawsuit until the Fourth Circuit addresses the issue.").

## CONCLUSION

For these reasons, the Court should stay all district court proceedings in this matter until the Fourth Circuit either (1) denies Dominion's petition to accept this matter for interlocutory appeal; or (2) decides Dominion's appeal and issues its mandate to this Court.

          VIRGINIA ELECTRIC AND POWER COMPANY
          D/B/A DOMINION VIRGINIA POWER

          By:     /s/ Dabney J. Carr
                Of Counsel

Brooks M. Smith (VSB No. 40171)
Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, VA 23218-1122
T: (804) 697-1200; F: (804) 697-1339
brooks.smith@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Virginia Electric and Power Co. d/b/a Dominion Virginia Power*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2015, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Deborah M. Murray, Gregory Buppert,
William C. Cleveland
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
dmurray@selcva.org
gbuppert@selcva.org

                /s/ Dabney J. Carr
Brooks M. Smith (VSB No. 40171)
Dabney J. Carr, IV (VSB No. 28679)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, VA 23218-1122
T: (804) 697-1200
F: (804) 697-1339
brooks.smith@troutmansanders.com
dabney.carr@troutmansanders.com

*Counsel for Defendant Virginia Electric and Power Co. d/b/a Dominion Virginia Power*