# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| SIERRA CLUB, | |
|     Plaintiff, | |
| v. | Civil Action No. 2:15-cv-112-RAJ-DEM |
| VIRGINIA ELECTRIC AND POWER COMPANY d/b/a DOMINION VIRGINIA POWER, | |
|     Defendant. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL

Defendant Virginia Electric and Power Company d/b/a Dominion Virginia Power ("Dominion"), by counsel, states as follows in support of its Motion to File Under Seal the documents and exhibits identified herein pursuant to Local Rule 5.

## BACKGROUND

In this action, Plaintiff Sierra Club asserts Dominion is violating provisions of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, ("CWA") at the Chesapeake Energy Center ("CEC"). On May 27, 2016, Dominion filed the following documents in this case:

- Dominion's Memorandum In Support of Motion *In Limine* To Exclude Certain Irrelevant Evidence, and Exhibits A, C Part One, D, and E, thereto.

The brief and exhibits (the "Confidential Documents") contain information that has been marked and/or identified by the party producing such information as subject to the disclosure restrictions set forth in this Court's Protective Order (Dkt. No. 49), thus obligating Dominion to seek the sealing of such Confidential Documents when they are filed with the Court.

Dominion is filing the Confidential Documents as sealed documents through the Court's

ECF system pending the Court's decision on Dominion' Motion.

## ARGUMENT

The Fourth Circuit has established certain steps a district court must take before a case, or documents within a case, may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft,* the Fourth Circuit set forth the prerequisites for an order sealing documents. Such an order will not be valid unless the district court: (A) provides notice to the public and gives the public an opportunity to object to the sealing, (B) considers less drastic alternatives, and (C) provides specific findings in support of the decision to seal and the rejection of alternatives. *Id.* These prerequisites are satisfied here.

### A. Public Notice

Dominion has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the documents that are the subject of this Motion to Seal. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

### B. Less Drastic Alternatives

Dominion requests sealing of the Confidential Documents because they contain information that has been marked and/or identified by the parties producing such information as subject to the disclosure restrictions set forth in this Court's Protective Order (Dkt. No. 49).

Sealing the Confidential Documents is necessary to avoid the public disclosure of the confidential information in the Confidential Documents because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the document. *See, e.g.*, *Walker*

*Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted") (*citing Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); Fed. R. Civ. P. 26(c)).

### C.    Specific Findings

The Confidential Documents, which have been appropriately marked and filed under seal pending the resolution of this Motion, include certain highly sensitive information that the parties have agreed should remain confidential.  This confidential information has not been made public.  As recognized by Federal Rule of Civil Procedure 26(c) and case law, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in the Confidential Documents.

Given the confidential nature of the Confidential Documents and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public.  Dominion therefore seeks the sealing of the Confidential Documents pursuant to Local Civil Rule 5.

### CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the Confidential Documents.

Dated: May 27, 2016                     Respectfully,

                                     VIRGINIA ELECTRIC AND POWER COMPANY
                                     D/B/A DOMINION VIRGINIA POWER

                                     By:        /s/ Laura Anne Kuykendall
                                     Of Counsel

Brooks M. Smith (VSB No. 40171)
Dabney J. Carr, IV (VSB No. 28679)
Miranda R. Yost (VSB No. 72711)
Megan C. Rahman (VSB No. 42678)
Laura Anne Kuykendall (VSB No. 82318)
**TROUTMAN SANDERS LLP**
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200
(804) 697-1339 (fax)
brooks.smith@troutmansanders.com
dabney.carr@troutmansanders.com
miranda.yost@troutmansanders.com
megan.rahman@troutmansanders.com
la.kuykendall@troutmansanders.com

*Counsel for Defendant Virginia Electric and Power*
*Company d/b/a Dominion Virginia Power*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Deborah M. Murray
Bradford T. McLane
Christopher J. Bowers
Gregory Buppert
William C. Cleveland
Southern Environmental Law Center
201 West Main Street, Suite 14
Charlottesville, VA 22902-5065
dmurray@selcva.org
bmclane@selcva.org
gbuppert@selcva.org


                                    /s/
Laura Anne Kuykendall (VSB No. 82318)
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
la.kuykendall@troutmansanders.com

*Counsel for Defendant Virginia Electric
and Power Company d/b/a Dominion
Virginia Power*