**Exhibit E**

**Declaration of L. Lee Byrd, Esquire**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

|  |  |  |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00112-JAG-RJK |
| | ) | |
| v. | ) | |
| | ) | |
| VIRGINIA ELECTRIC AND POWER | ) | |
| COMPANY d/b/a DOMINION VIRGINIA | ) | |
| POWER, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF L. LEE BYRD IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR REASONABLE ATTORNEY AND EXPERT WITNESS FEES**

I, L. Lee Byrd, hereby declare:

1.      I make this Declaration in support of the Sierra Club's Motion for Reasonable Attorney and Expert Witness Fees (the "Fees Motion").

2.      I am an attorney in good standing, admitted to practice before, among other tribunals, the Supreme Court of Virginia, the United States Court of Appeals for the Fourth Circuit, and the United States District Courts for the Eastern and Western Districts of Virginia. I am a member of the Virginia State Bar. I am a 1985 graduate of the University of Virginia and a 1988 graduate of the Marshall-Wythe School of Law at the College of William and Mary. I have practiced law in the Commonwealth of Virginia since October 1988.

3.      I have practiced law with Sands Anderson PC since 1992 at its office in Richmond, Virginia. I am a shareholder in the firm and a member (and past chair) of the firm's commercial litigation team. I served on the firm's three-member board of directors for the past nine years, and served as president of the firm for the past five years.

4.      I regularly represent clients in a variety of civil litigation matters, including in the federal courts located within the Eastern District of Virginia.  I am familiar with the usual and customary fees and charges of area attorneys involved in civil litigation in both the state and federal courts in Virginia, including environmental litigation matters.  I have represented clients in federal and state judicial and administrative proceedings in matters involving CERCLA, RCRA, "Superfund" and "brownfield" sites, wetlands, underground storage tanks, landfills, and so-called "biosolids," including disputes involving compliance with and/or enforcement of environmental laws.

5.      I interviewed the Sierra Club's lead attorney in this case, Deborah M. Murray, Esquire.  Ms. Murray is a senior attorney at the Southern Environmental Law Center ("SELC").

6.      I reviewed the court's docket, which reveals that extensive motions practice took place in the case.

7.      I reviewed many of the key documents in this case, including the Complaint, memoranda pertaining to the defendant's 12(b)(6) motion to dismiss, the final pretrial order (and its requisite lists of witnesses and exhibits (which were voluminous) and the respective objections to same), and the extensive post-trial filings, including the parties' respective proposed findings of fact and conclusions of law as well as summaries of the testimony of the ten expert witnesses who testified at trial.

8.      I reviewed this Court's opinions (Documents 195 and 213) finding the defendant liable under the Clean Water Act, *i.e.*, plaintiff's primary theory of liability, and imposing very specific injunctive relief pertaining to sampling, data submission, and the requirement that the defendant apply for a revised solid waste permit from the Commonwealth of Virginia. The Court has indicated that it may order additional remedies in the future.

9.      I reviewed the Declaration of Ms. Murray in support of the Fees Motion, which Declaration indicates the qualifications, *e.g.,* educational background and work experience, of Ms. Murray as well as current and former SELC attorneys Nathaniel Benforado, Christopher Bowers, Gregory Buppert, William Cleveland, Sarah Fort, Jonathan Gendzier, and Bradford McLane, each of whom worked on this case. In her Declaration, Ms. Murray does a very thorough job explaining the respective roles and contributions of these eight SELC attorneys (including Ms. Murray). I also reviewed the time records referred to as "Exhibit" C in Ms. Murray's Declaration. The records describe the work performed by these eight SELC attorneys, and include the date that the work was performed and the amount of time worked.

10.      Based on my review of the materials described above and my interview of Ms. Murray, I have no doubt that the instant litigation was complex and hard-fought. The Sierra Club succeeded under Count One of its Complaint – prevailing, for example, on the crucial and hotly-contested issue of whether the Sierra Club had proven the existence of a direct hydrological connection between the groundwater at the defendant's site and the surface water adjacent to the site.

11.      In my professional opinion, the prevailing market for hourly billing rates in complex civil cases, including environmental cases, in Richmond ranges from $375 to $675 for attorneys with more than 25 years of experience; $290 to $410 for attorneys with nine to 13 years of experience; $250 to $305 for attorneys with approximately five years of experience, and $200 to $285 for attorneys having up to three years of experience.

12.      Further, I am of the professional opinion that the time shown (1,763.7 hours) and fees requested ($538,462.50) by the Sierra Club by virtue of its Fees Motion represent time and fees that were necessary, appropriate, and reasonable to incur in order to achieve the result that

was obtained in the case.  With one exception, the hourly rate requested for each listed timekeeper appearing in Ms. Murray's Declaration is near the low end of each applicable range set forth above.  The one exception, for Mr. Bowers, falls precisely in the middle of the range that is applicable to him.  Additionally, Ms. Murray makes clear in her Declaration that SELC has exercised its billing judgment aggressively, by excluding from the Fees Motion, for the reasons Ms. Murray sets forth, a substantial amount of the time (she estimates between 75% to 80%) that was actually spent by SELC attorneys working on the case.

13.     My hourly rate for the time spent reviewing the above-described information and providing this Declaration is $450.00.  Other than being paid this hourly fee, I have no financial interest in the case.

14.     I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed in Richmond, Virginia this 27th day of July, 2017.

L. Lee Byrd (VSB # 28662)
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone:  (804) 648-1636
Facsimile:  (804) 783-7291
E-mail:  lbyrd@sandsanderson.com